■ AIU INSURANCE COMPANY, Respondent, v GULF INSURANCE COMPANY, Appellant. [775 NYS2d 272]—

Order and judgment (one paper), Supreme Court, New York County (Helen E. Freedman, J.), entered February 13, 2003, which granted plaintiff AIU Insurance Company's motion for summary judgment and denied defendant Gulf Insurance Company's motion for summary judgment and awarded AIU the total amount of $1,234,225.96, unanimously affirmed, with costs.

The parties issued policies to Chase Manhattan Auto Finance Corp. to insure against liability incurred as a result of the negligent acts of its lessees in the operation of its vehicles. In 2002, Chase stipulated to pay $3.49 million to settle an action to recover for injuries sustained in a collision involving one of its leased vehicles. It is undisputed that Gulf's insurance policy provides that its $2 million liability limit is offset by the amount of liability insurance that the lessee is required to obtain under

the leasing agreement—$300,000 for this occurrence. However, Gulf paid only $700,000 under its policy, contending that its liability was further reduced by the proceeds of a $1 million umbrella policy obtained by the lessee from Prudential Property & Casualty Insurance. Plaintiff paid the disputed $1 million in connection with the settlement, reserving its right to seek reimbursement from Gulf, and this action ensued.

Supreme Court properly refused to credit defendant with the proceeds of the Prudential policy. Endorsement No. 4 to the Gulf insurance contract expressly provides only for an offset for the amount of insurance required to be obtained pursuant to the lease agreement—$100,000 per person, $300,000 per occurrence—naming Chase as an additional insured. Endorsement No. 3, relied upon by Gulf, only applies where the requisite insurance "is not collectable," in which case the Gulf policy replaces the required coverage up to $300,000. Because the lessee's primary insurer paid the $300,000 limit of its policy, endorsement No. 3 is inapplicable under the facts. In any event, the term "collectable" must be read to refer to the insured, not a third party. Thus, coverage is afforded where Chase is unable to collect upon coverage required to be obtained by the lessee for its benefit. Furthermore, in view of the $300,000 limit, the endorsement's provision that its coverage "is excess over any other collectable insurance, whether primary, excess, or contingent" clearly does not encompass the $1 million payable on behalf of the lessee under the Prudential insurance policy.

Finally, we agree that the Gulf policy's requirement that Chase contribute 50% of total "damages, loss and loss expense payments . . . incurred in connection with all accidents or losses" during the policy period is inapposite. The right of Gulf to obtain contribution from its insured does not limit the right of AIU to obtain reimbursement for monies paid on Gulf's behalf. As Supreme Court observed, defendant's remedy is to seek contribution from its insured.

We have considered defendant's other contentions and find them unavailing. Concur—Andrias, J.P., Lerner, Friedman and Marlow, JJ.